```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4              v.                               18 CR 15
 5   JOHN PENNISI,
 6              Defendant.
 7   ------------------------------x
 8                                        New York, N.Y.
                                          May 16, 2019
 9                                        11:30 a.m.
10
     Before:
11
                    HON. ALVIN K. HELLERSTEIN,
12
                                          District Judge
13
14                         APPEARANCES
15   GEOFFREY S. BERMAN
          United States Attorney for the
16        Southern District of New York
     HAGAN SCOTTEN
17        Assistant United States Attorney
18   ANTHONY STRAZZA
          Attorney for Defendant Pennisi
19
20
21
22
23
24
25
```

2

XJ5GAAPENP                    S - E - A - L - E - D

1              (Case called)
2              MR. SCOTTEN:  Good morning.
3              Hagan Scotten, for the government.
4              MR. STRAZZA:  Good morning, your Honor.
5              On behalf of Mr. Pennisi, Anthony Strazza.  For the
6    record, Mr. Pennisi is present and standing to my right.
7              THE COURT:  Yes.  Good morning, Mr. Pennisi.
8              THE DEFENDANT:  Good morning, your Honor.
9              THE COURT:  Mr. Pennisi, I understand you want to
10   change your plea from not guilty to guilty on two counts of an
11   information.
12             MR. SCOTTEN:  Mr. Pennisi has not been charged.  So
13   he'll need to be arraigned on the information.
14             THE COURT:  Thank you.  I know that.
15             MR. SCOTTEN:  OK.
16             THE COURT:  You have not entered a plea; is that
17   right?
18             MR. STRAZZA:  That's correct.
19             THE COURT:  So, let's start this way by having an
20   arraignment.
21             COURTROOM DEPUTY:  Mr. Pennisi, please rise.
22             You are John Pennisi?
23             THE DEFENDANT:  Yes, I am.
24             COURTROOM DEPUTY:  Have you signed a waiver of
25   indictment?

```
XJ5GAAPENP                  S - E - A - L - E - D
```

1    THE DEFENDANT:  Yes.
2    COURTROOM DEPUTY:  Before you signed it, did you
3 discuss it your attorney?
4    THE DEFENDANT:  Yes, I did.
5    COURTROOM DEPUTY:  Did he explain it to you?
6    THE DEFENDANT:  Yes, he did.
7    COURTROOM DEPUTY:  Do you understand you have no
8 obligation to waive indictment?
9    THE DEFENDANT:  Yes.
10   COURTROOM DEPUTY:  Do you understand that if you do
11 not waive indictment if the government wants to prosecute you,
12 they will have to present this case to a grand jury which may
13 or may not indict you?
14   THE DEFENDANT:  Yes.
15   COURTROOM DEPUTY:  Do you realize that by signing this
16 waiver of indictment, you have given up your right to have this
17 case presented to a grand jury?
18   THE DEFENDANT:  Yes.
19   COURTROOM DEPUTY:  Do you understand what a grand jury
20 is?
21   THE DEFENDANT:  Yes, I do.
22   COURTROOM DEPUTY:  Have you seen a copy of the
23 information?
24   THE DEFENDANT:  Yes, I have.
25   COURTROOM DEPUTY:  Would you like me to read it to

```
XJ5GAAPENP                    S - E - A - L - E - D
```

1    you?
2            THE DEFENDANT:  No.
3            COURTROOM DEPUTY:  How do you plead?
4            THE DEFENDANT:  Not guilty.
5            THE COURT:  We'll enter a plea of not guilty and
6    understand that Mr. Pennisi wants to change his plea to guilty;
7    is that right, Mr. Pennisi?
8            THE DEFENDANT:  Yes.
9            THE COURT:  All right.  Before that I have to put you
10   under oath and ask you a number of questions which will enable
11   me to ascertain that your plea is voluntary and that you
12   understand the consequences and that there is an independent
13   basis in fact to sustain the plea.
14           So, you have to tell me the truth, the whole truth and
15   nothing but the truth.  If you fail to do that, you expose
16   yourself to more punishment.
17           Should we go on?
18           THE DEFENDANT:  Yes.
19           (Defendant John Pennisi sworn)
20           THE DEFENDANT:  John Pennisi, Junior.
21           THE COURT:  How old are you, Mr. Pennisi?
22           THE DEFENDANT:  I am 49 years old.
23           THE COURT:  Are you married?
24           THE DEFENDANT:  No, I'm not.
25           [REDACTED]

```
XJ5GAAPENP                 S - E - A - L - E - D
```

1  ████████████     █████████████████████
2  ████████████    ██████████████████████████
3  ████████████  ████
4  ████████████   █████████████████████
5  █████████████ ████████ ██████████████████████
6  ████████████████████████████████████████████████
7  ████████████   ████████████████████████████████
8  ██████████████████████████
9           Where were you educated?
10          THE DEFENDANT:  I went up to high school.
11          THE COURT:  Finished high school?
12          THE DEFENDANT:  I went up to the 12th grade and then I
13  was incarcerated in 1998.  I finished my education went I was
14  incarcerated.
15          THE COURT:  You have a GED?
16          THE DEFENDANT:  I have a GED.
17          THE COURT:  Coming in today have you had any alcohol
18  or narcotics or medicines that would blur your thinking?
19          THE DEFENDANT:  No.
20          THE COURT:  You're clear-minded?
21          THE DEFENDANT:  Yes, I am.
22          THE COURT:  Have you told everything about the case to
23  Mr. Strazza?
24          THE DEFENDANT:  Yes, I have.
25          THE COURT:  Did anyone promise you anything in order

XJ5GAAPENP                    S - E - A - L - E - D

to induce you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone threatened you in any way to cause you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Are you offering to plead guilty because it's your own decision and you think it's the best thing for you in the circumstances?

THE DEFENDANT:  Yes, I do.

THE COURT:  Do you understand, Mr. Pennisi, that you have fundamental constitutional rights that you might be giving up if you plead guilty?  For example, you are presumed to be innocent.  You can't be imprisoned unless the government proved the case against you beyond a reasonable doubt and the satisfaction unanimously of a jury.  You are aware of that?

THE DEFENDANT:  I am aware, yes.

THE COURT:  And in the course of that trial in terms of the entire criminal procedure you are entitled to a lawyer. If you can't afford a lawyer the government will provide a lawyer free of charge.

THE DEFENDANT:  I understand.

THE COURT:  With the help of that lawyer you can confront all witnesses against you.  You could cross-examine them.  You can compel anybody having favorable information to come to the trial and testify even if that person doesn't want

1   to and you yourself would have the right to testify if you
2   wished to testify but if you didn't want to you wouldn't have
3   to and no inference could be drawn against you.
4           Are you aware of all these rights?
5           THE DEFENDANT:  I am aware.
6           THE COURT:  If you plead guilty you give them up and
7   you authorize me to sentence you in the same way I could
8   sentence you if the jury verdict came in against you.
9           THE DEFENDANT:  I understand.
10          THE COURT:  Are you a U.S. citizen?
11          THE DEFENDANT:  Yes, I am.
12          THE COURT:  Born here?
13          THE DEFENDANT:  Born here.
14          THE COURT:  OK.  Mr. Scotten, tell me about the crime
15  that's charged or the crimes that are charged.
16          MR. SCOTTEN:  Sure, your Honor.
17          Mr. Pennisi is charged in two counts.  The first count
18  charges his participation in a racketeering conspiracy often
19  referred to as "La Cosa Nostra".  More specifically in Mr.
20  Pennisi's case the Lucchese family.  He is charged as part of
21  that racketeering conspiracy with various predicate acts which
22  include agreeing to commit murder if called upon to do so.
23  Although, Mr. Pennisi did not commit any murders and the other
24  predicates listed in the information.
25          The second count charges use of firearms in

1    furtherance of that racketeering conspiracy.  Mr. Pennisi
2    personally possessed firearms at the crimes.  The count is
3    charged in the discharge because other members of the
4    conspiracy who Mr. Pennisi aided and abetted discharged
5    firearms in the course of the conspiracy.
6             THE COURT:  What penalties are available against these
7    charges?
8             MR. SCOTTEN:  Both of these charges, your Honor, carry
9    life statutory maximum imprisonment.  The second count, the
10   924(c) count also carries a mandatory minimum of ten years.
11            I can also enumerate the fine of supervised release if
12   your Honor wants.
13            THE COURT:  No.  That's not necessary here.
14            MR. SCOTTEN:  And I suppose I should say they both
15   carry a mandatory $100 special assessment.
16            THE COURT:  Thank you.
17            What are the elements of these counts?
18            MR. SCOTTEN:  Your Honor, the elements of the first
19   count, racketeering conspiracy are:
20            First, that there was an agreement among two or more
21   people to participate in an enterprise that would affect
22   interstate commerce through a pattern of racketeering activity.
23            Second, that the defendant knowingly and willfully
24   became a member of that conspiracy.
25            And third, that the defendant or another member of the

1  conspiracy agreed to commit at least two racketeering acts.
2         And then with respect to the firearms count, Count
3  Two:
4         The elements are first, that the defendant committed a
5  crime of violence. Here, the violent racketeering conspiracy
6  charged in Count One for which he might be prosecuted in a
7  court of the United States.
8         And second, that the defendant used or carried a
9  firearm during and in relation to the commission of or
10 possessed a firearm in furtherance of that crime of violence or
11 aided and abetted someone else in doing so.
12        Third, as charged here, that one or more of the
13 firearms in question were discharged by a member of that
14 conspiracy.
15        THE COURT: How would you prove those elements?
16        MR. SCOTTEN: We would prove those elements, your
17 Honor, almost entirely based on Mr. Pennisi's statements. He
18 voluntarily came to the FBI and chose to cooperate and
19 described his crimes in great lengths. So, primarily, his own
20 statements we have corroborated some of his statements since
21 then through surveillance photographs, court records and
22 information previously known to the FBI but Mr. Pennisi has
23 essentially provided the evidence against himself.
24        THE COURT: Thank you.
25        So, Mr. Pennisi, Mr. Strazza, I see there is a

1  cooperation agreement between the government and Mr. Pennisi
2  dated May 14, 2019.
3           Mr. Pennisi, did you sign this today in court?
4           THE DEFENDANT:  Yes, I did.
5           THE COURT:  Mr. Strazza, did you sign it as approval?
6           MR. STRAZZA:  Yes, your Honor.
7           THE COURT:  So, the original will be marked "Court
8  Exhibit One" and will be returned to Mr. Scotten.  We'll keep a
9  copy.
10          Mr. Strazza, have you reviewed the charges?
11          MR. STRAZZA:  Yes.
12          THE COURT:  Do you feel that Mr. Scotten can prove a
13 prima facie case against your client?
14          MR. STRAZZA:  Yes.
15          THE COURT:  Do you know of any defenses?
16          MR. STRAZZA:  No.
17          THE COURT:  Mr. Pennisi, are you offering to plead
18 guilty because you believe that you're in fact guilty of the
19 crimes charged?
20          THE DEFENDANT:  Yes, your Honor.
21          THE COURT:  Tell me what you did.  Let me go over the
22 cooperation agreement first to make sure you understand it.
23          Page one and page two describe the crimes and they are
24 essentially what we have talked about in court.  There's a
25 forfeiture allegation in the indictment or information which

XJ5GAAPENP                S - E - A - L - E - D

1   may cause a forfeiture or of all or part of your money and then
2   there is the obligation to cooperate.  In the third paragraph
3   on page two, are you aware that -- I take it you are going to
4   be cooperating because you hope at the end of the day to get a
5   5K letter from the government?
6              THE DEFENDANT:  Yes, your Honor.
7              THE COURT:  And you hope that that will cause the
8   sentencing judge to be more lenient to you than he might want
9   to be.
10             THE DEFENDANT:  Yes, your Honor.
11             THE COURT:  Do you understand that it's the
12  government's decision whether or not your disclosures to the
13  government have been full and truthful and helpful?  Do you
14  understand that?
15             THE DEFENDANT:  Yes, I do.
16             THE COURT:  So, it's possible the government could
17  disappoint you and not give you a 5K letter, holding that you
18  didn't give enough information, wasn't helpful information,
19  whatever, that's a possibility?
20             THE DEFENDANT:  It's a possibility.  I understand.
21             THE COURT:  Do you understand that the sentencing
22  judge, probably me, will decide sentencing at the time of
23  sentencing, not before and it is possible that I can do
24  something that would disappoint you?
25             THE DEFENDANT:  Yes, I understand.

```
XJ5GAAPENP                S - E - A - L - E - D
```

1      THE COURT:  Once you plead guilty and I accept the
2  plea, it's final.
3      THE DEFENDANT:  I understand that.
4      THE COURT:  Is there anything about this agreement you
5  want me to get into and explain?
6      MR. SCOTTEN:  There is one provision, your Honor.  I
7  just would, if the Court would, I'd like to make express that
8  on pages two and three Mr. Pennisi has admitted a series of
9  acts that were part of the racketeering conspiracy even though
10 they are not charged separately.  And then certain other acts
11 that are largely not federal charges but whether Mr. Pennisi is
12 agreeing all these things are true and that your Honor or
13 whoever the sentencing judge is, will take all these into
14 account when determining his sentence.
15     THE COURT:  That's true, Mr. Pennisi?
16     THE DEFENDANT:  Yes, it is.
17     THE COURT:  All right.  Do you have any questions
18 about anything in here?
19     THE DEFENDANT:  No, I don't.
20     THE COURT:  You went over this very carefully with
21 Mr. Strazza?
22     THE DEFENDANT:  Several times.
23     THE COURT:  OK.  So, are you pleading guilty because
24 you believe you are in fact guilty?
25     THE DEFENDANT:  Yes, your Honor.

XJ5GAAPENP                    S - E - A - L - E - D

1              THE COURT:  Tell me what you did.  Is that a statement
2    that you and your lawyer prepared?
3              THE DEFENDANT:  Yes, your Honor.
4              THE COURT:  Go ahead.
5              THE DEFENDANT:  From approximately 2012 through 2018,
6    in the Southern District of New York and elsewhere, I agreed
7    with others to and was a member of the Lucchese organized crime
8    family.  During this time, I agreed with other members to
9    commit numerous criminal acts including agreeing to commit
10   murder if called upon to do so by superior members of the
11   family and extorting individual and companies.  I knew what I
12   was doing was wrong and illegal.
13             From approximately 2012 to 2018, in the Southern
14   District of New York and elsewhere, I used, carried and
15   possessed guns and I aided and abetted others to do the same.
16   Some of these guns were discharged by others.  I did this as a
17   part of and in relation to my participation in the Lucchese
18   organized crime family.  I know what I was doing and I was
19   wrong and it was illegal.
20             THE COURT:  There are various descriptions of the
21   racketeering conspiracy strived to do or succeeded in doing.
22   Have you read all of these things?
23             THE DEFENDANT:  Yes, I have.
24             THE COURT:  And they're truthful?
25             THE DEFENDANT:  Yes.

XJ5GAAPENP                    S - E - A - L - E - D

1           THE COURT: Anything else you'd like me to ask
2    Mr. Pennisi?
3           THE DEFENDANT: No, your Honor.
4           THE COURT: Mr. Scotten?
5           THE DEFENDANT: Sorry.
6           MR. SCOTTEN: No, your Honor.
7    Thank you.
8           THE COURT: Mr. Strazza?
9           MR. STRAZZA: No, thank you.
10          THE COURT: Mr. Pennisi, I find you guilty of the two
11   crimes charged in the information. I find that your plea is
12   voluntary and that you understand the consequence and that
13   there is an independence basis in fact to support the plea.
14   Accordingly, your plea of guilty will be entered on the record
15   for both those cases.
16          MR. STRAZZA: Thank you.
17          THE DEFENDANT: Thank you.
18          THE COURT: We'll have a control date for sentencing.
19          MR. SCOTTEN: Your Honor, we expect that Mr. Pennisi
20   will also testify in a trial scheduled for October. So I don't
21   know how much time the Court usually allows but I would suggest
22   at least seven months because there is no reasonable
23   possibility for him to be sentenced before then.
24          THE COURT: OK.
25          COURTROOM DEPUTY: December 6th at 11.

```
     XJ5GAAPENP                     S - E - A - L - E - D
```

 1              That's a control date, correct?
 2              THE COURT:  Yes.
 3              MR. SCOTTEN:  Thank you, judge.
 4              MR. STRAZZA:  Thank you.
 5              THE DEFENDANT:  Thank you.
 6              THE COURT:  So, Mr. Scotten, please arrange with the
 7     probation officer to obtain the transcript and give the
 8     transcript of this plea to Mr. Strazza.
 9              MR. SCOTTEN:  I will do is, your Honor.
10              THE COURT:  And any interview with the defendant prior
11     to the probation office should give Mr. Strazza notice so he
12     can attend if he wishes and with the transcript in hand that
13     might reduce the time that's taken up in the interview.
14              OK.  Thank you very much.
15              MR. SCOTTEN:  Judge, two quick matters?
16              THE COURT:  Yes.
17              MR. SCOTTEN:  First, if your Honor could order
18     Mr. Pennisi to be supervised by the FBI which is still
19     conducting some investigation through him.  I want him to have
20     some conditions.
21              THE COURT:  In lieu of the pretrial office?
22              MR. SCOTTEN:  Yes, judge.
23              THE COURT:  So ordered.
24              MR. SCOTTEN:  Thank you, judge.
25              And we'd request that your Honor seal today's

16

XJ5GAAPENP                S - E - A - L - E - D

1    proceedings with the exception that a copy may be given to
2    counsel for Eugene Castelle who is preparing for are trial next
3    week. Although today's proceedings were open, we still think
4    this is some measure of safety in not having an official court
5    document acknowledging his cooperation available online at
6    least until he testifies within the next couple of weeks.
7            THE COURT:  So ordered.
8            MR. SCOTTEN:  Thank you, judge.
9            THE COURT:  Thank you very much.
10           (Adjourned)